**DECLUES, BURKETT & THOMPSON, APC**
**Attorneys at Law**
JEFFREY P. THOMPSON (SBN 136713)
email address: jthompson@dbtlaw.com
JENNIFER K. BERNEKING (SBN 167172)
email address: jberneking@dbtlaw.com
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455
Phone: (714) 843-9444  Fax: (714) 843-9452

Attorneys for Defendants CITY OF FOUNTAIN VALLEY (a public entity erroneously sued and served as FOUNTAIN VALLEY POLICE DEPARTMENT), KEVIN CHILDE and DANIEL LLORENS (public employees)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER SHERMAN, an individual<br><br>    Plaintiff,<br><br>    vs.<br><br>FOUNTAIN VALLEY POLICE DEPARTMENT, a California public entity, KEVIN CHILDE, in his individual capacity, DANIEL LLORENS, in his individual capacity, PAUL SORRELL, in his individual capacity, and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.: 8:17-SACV-2217 JVS(DFMx)<br><br>*Assigned to: Judge James V. Selna*<br>*Courtroom 10C*<br><br>**STIPULATION AND PROTECTIVE ORDER RE: MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Trial Date: May 7, 2019 |

Plaintiff JENNIFER SHERMAN, by and through her counsel of record, and Defendants CITY OF FOUNTAIN VALLEY (erroneously sued and served as FOUNTAIN VALLEY POLICE DEPARTMENT), KEVIN CHILDE and DANIEL LLORENS, by and through their counsel of record, hereby stipulate to the following Protective Order Re: Motion to Compel Production of Documents as follows:

1. The Court hereby grants in part Plaintiff's Motion to Compel Production of Documents and orders production no later than 14 days after entry of this Stipulation and Protective Order of the following categories of documents with respect to the following

male Fountain Valley Police Department Officers, Lieutenant A. Luce; Sergeant K. Vang; Sergeant R. Varner; Sergeant M. Parsons; Sergeant A. Spangler; Sergeant A. Hertenstein; Sergeant D. Farmer; Sergeant J. Frahm; Sergeant J. Cataline; and Sergeant R. Cortes:

  A. All documents relating to the promotability assessment for each candidate for Sergeant for each recruitment in which they participated;

  B. All portions of the comparator's personnel files prior to their promotion to Sergeant; and

  C. With respect to the background investigation report for each comparator, all documents relating to the education, training, application for City employment and any past discipline.

 2. The Court hereby orders the following personal information be redacted from the documents to be disclosed: Social Security numbers, home addresses, telephone numbers, health insurance information, family information, medical information, worker's compensation information, and insurance information.

 3. As used in this Stipulation and Protective Order, the following terms shall be defined as follows:

  A. "Confidential Material" shall mean any document in any form or medium whatsoever, including, without limitation, any written or printed matter, any photograph, drawing, chart, design or pictorial representation and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche, or any other medium ordered produced by the Court in response to the Motion to Compel Production of Documents filed by Plaintiff in this action;

  B. "Person" shall mean any party or non-party to this action, whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity; and

  C. "Party" shall mean any party to this action.

4. The Confidential Material produced pursuant to this Protective Order shall not be used by any party for any purpose other than for the litigation, including preparation, discovery proceedings, trial, and any writ or appeal, of the above-captioned case.

5. The Confidential Material subject to this Protective Order may only be disclosed to:

    A. The parties to this action;

    B. Counsel for the parties hereto, including their respective associates, clerks, legal assistants, stenographic personnel, and firms retained by counsel to provide litigation services and employees of said firms;

    C. Independent expert witnesses, consultants, and other independent contractors actually retained or employed by any party to consult with, advise, or assist counsel for any party, or any person actually consulted or contracted by counsel for any party in connection with the litigation, including preparation, discovery proceedings, trial, and any writ or appeal of the above-captioned case;

    D. The Court and its personnel; and

    E. Such other persons as hereinafter may be designated by written stipulation of the parties, or by further order of the Court.

6. The protections conferred by this Protective Order cover not only Confidential Material but also (a) any information copied or extracted from Confidential Material; (b) all copies, excerpts, summaries, or compilations of Confidential Material; and (c) any testimony, conversations, or presentation by parties or their counsel that might reveal Confidential Material.

7. Once this case proceeds to trial, the Confidential Information that was maintained pursuant this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v.*

*City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial. Any use of Confidential Material at trial shall be governed by the orders of the trial judge.

8. The Confidential Material to be produced under this Protective Order must be clearly so designated before the material is designated or produced. Designation in conformity with the Protective Order requires that the producing party affix the legend "CONFIDENTIAL" to each page that contains protected material.

9. Disclosure of the Confidential Material shall be limited to the persons set forth above and to the parties and their respective attorneys, consultants, and/or expert witnesses who are necessary to this litigation. Any disclosure of Confidential Material to any person will require that prior to such disclosure, counsel will have the person execute the form attached hereto as Exhibit "A" setting forth the name of the person to whom the disclosure is made, and an acknowledgement by the person: (a) of receipt of a copy of this Protective Order; (b) of the date the third party received this Protective Order; (c) that the person understands this Protective Order and agrees to be bound thereby; and (d) of a list of the documents disclosed to the person.

10. Any Confidential Material that any party desires to file with the Court shall be filed under seal.

11. All Confidential Material and any copies thereof provided to any person shall be returned to counsel for Defendant CITY OF FOUNTAIN VALLEY at the conclusion of this matter.

///
///
///
///

**IT IS SO STIPULATED.**

Dated: January 30, 2019          **ALEXANDER KRAKOW + GLICK LLP**
                                 **WUCETICH & KOROVILAS LLP**


                                 BY: */s/ Jessica S. Choi*
                                     J. BERNARD ALEXANDER, III
                                     JESSICA S. CHOI
                                     Attorneys for Plaintiff,
                                     JENNIFER SHERMAN


Dated: January 30, 2019          **DECLUES, BURKETT & THOMPSON, APC**


                                 BY: */s/ Jennifer K. Berneking*
                                     JEFFREY P. THOMPSON
                                     JENNIFER K. BERNEKING
                                     Attorneys for Defendant,
                                     CITY OF FOUNTAIN VALLEY (a public entity erroneously sued and served as FOUNTAIN VALLEY POLICE DEPARTMENT), KEVIN CHILDE and DANIEL LLORENS (public employees)


## LOCAL RULE 5-4.3.4 ATTESTATION

I attest and certify that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 30, 2019          BY:  */s/ Jennifer K. Berneking*
                                      JENNIFER K. BERNEKING


**IT IS SO ORDERED.**

Dated: February 1, 2019          _____
                                 HON. DOUGLAS F. MCCORMICK
                                 U.S. MAGISTRATE JUDGE

**EXHIBIT "A"**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SHERMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FOUNTAIN VALLEY POLICE DEPARTMENT, a California public entity, KEVIN CHILDE, in his individual capacity, DANIEL LLORENS, in his individual capacity, PAUL SORRELL, in his individual capacity, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 8:17-SACV-2217 JVS(DFMx)<br><br>*Assigned to: Judge James V. Selna Courtroom 10C*<br><br>**AGREEMENT CONCERNING CONFIDENTIALITY OF RECORDS PURSUANT TO PROTECTIVE ORDER**<br><br>Trial Date: May 7, 2019 |

1. I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that:

2. I have read in its entirety and understand the Protective Order entered in the above-captioned action.

3. I agree to comply with and be bound by all the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this litigation. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

      4.    I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may expose me to sanctions and punishment in the nature of contempt.

      5.    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, Southern Division solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of the Court.

      6.    I make this certification this _____ day of _____, 2019.

_____
(Signature)